IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| GARY BAILEY,           Plaintiff,      v.    PILOT TRAVEL CENTERS LLC, ABC CORPORATIONS A–C, and JOHN DOES 1–2,           Defendants. | :  :  :  :  :  :  :  :  :  :  :  :  :  :    CASE NO: 7:24-cv-66-WLS |

## ORDER

Before the Court is Defendant Pilot Travel Centers LLC's ("Pilot") Partial Motion to Dismiss (Doc. 4) ("Motion"). Plaintiff has responded, and Pilot replied. (Docs. 8 & 10). Accordingly, the Motion is ripe for review. For the reasons stated below, the Motion is **DENIED**.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

This is a trip and fall case. On April 30, 2024, Plaintiff filed a Complaint against Pilot, John Does 1–2 ("Does 1–2"), and ABC Corporations A–C in the State Court of Tift County, Georgia, (Doc. 1-1). Plaintiff alleges that on August 24, 2023, he was a customer/invitee at Pilot Travel Centers LLC's gas station located at 4431 Union Road, Tifton, Georgia (the "Premises"). (Doc. 1-1 ¶¶ 6–7). Plaintiff alleges that as he was returning to his truck after leaving the gas station convenience store, Plaintiff tripped and fell due to an unlevel drain grid in Pilot's parking lot.[1] (*Id.* ¶¶ 8–10). Plaintiff alleges he sustained serious and permanent injuries, including but not limited to, a fracture, injuries to his left shoulder, left arm, neck and back. (*Id.* ¶ 10).

---

[1] In paragraph 8 of his Complaint, Plaintiff refers to an Exhibit A in relation to the drain grid. (Doc. 1-1 ¶ 8). However, the Notice of Removal failed to include exhibits, if any, that were attached to the original Complaint filed in the State Court of Tift County, Georgia. (*See* Docs. 1, 1-1, 1-2, & 1-3).

1

Plaintiff asserts a claim of negligence against Pilot under Georgia's premises liability statute, O.C.G.A. § 15-3-1. In particular, Plaintiff alleges:

1. Pilot had a duty to maintain safe premises and that it breached that duty owed to Plaintiff (*Id.* ¶ 13);

2. Pilot had actual or constructive knowledge of a hazardous unlevel grid on the premises in an area highly trafficked by its customers (*Id.* ¶ 14);

3. No cones or warning signs were located in the area, and thus, Pilot failed to warn Plaintiff about the hazardous condition (*Id.* ¶ 15);

4. Pilot was negligent in failing to inspect the premises, remove the hazard, and to keep its Premises safe for invitees (*Id.* ¶ 16);

5. Plaintiff asserts that Pilot's negligence was the sole proximate cause of his fall and resulting injuries, and that Plaintiff lacked knowledge of the hazard despite his exercise of ordinary care (*Id.* ¶¶ 21 & 22); and

6. Plaintiff alleges that as of April 30, 2024, he has incurred medical expenses in excess of $234,235.29, which amount will be proven at trial (*Id.* ¶ 23).

Alternatively, Plaintiff alleges that Pilot is responsible for his injuries under the doctrine of *respondeat superior*, agency, or apparent agency. In particular, Plaintiff alleges:

1. John Does 1–2 are believed to be Pilot's employees (*Id.* ¶19).

2. Within the scope of their employment, such employees were responsible for inspecting cleaning, and maintaining the premises (*Id.* ¶ 17).

3. Pilot was negligent in failing to adopt appropriate policies and procedures for its employees to inspect, clean, and maintain its premises, and was further negligent in failing to train its employees (*Id.* ¶ 20).

On July 3, 2024, Pilot filed a timely Notice of Removal (Doc. 1) to this Court. On July 10, 2024, Pilot filed its answer admitting that it operates a store on the Premises and that it hires employees. Pilot denies any negligence on its part or on the part of its employees.

## II.  MOTION TO DISMISS

In its Motion filed July 10, 2024, Pilot appears to interpret Plaintiff's Complaint as stating a negligence claim against Pilot and its employees based only on Georgia's premises liability statute—Georgia Code § 51-3-1, which provides:

> Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

Ga. Code Ann. § 51-3-1. Pilot argues that because none of its employees were owners or occupiers of the Premises, Plaintiff does not have a legally cognizable cause of action against Pilot's employees under § 51-3-1. Thus, according to Pilot, Plaintiff has failed to state a claim against Pilot upon which relief can be granted with respect to Plaintiff's claim for *respondeat superior*.

Plaintiff counters that his negligence claim based on premises liability is asserted against *Pilot*, not its employees, and that he has alleged sufficient facts to maintain that claim against Pilot. Plaintiff further asserts he has alleged sufficient facts to maintain his alternate negligence claim against Pilot based on the doctrine of *respondeat superior*, and that Pilot's employees still need to be identified through discovery. Pilot concedes the doctrine of *respondeat superior* provides "that an entity can be liable for the negligence of an employee when the employee is acting within the scope of the employer's business." (Doc. 4-1 at 3).

As noted, the Motion is fully briefed and ripe for decision. By Order (Doc. 13) entered September 13, 2024, discovery in this case was stayed pending resolution of the Motion and further order of this Court.

## III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'"

3

*Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" Edwards, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). In evaluating the sufficiency of a plaintiff's pleadings, the Court makes reasonable inferences in plaintiff's favor, but is not required to draw plaintiff's inference. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citation and internal quotation marks omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint).

## IV.   DISCUSSION

Under Georgia law, "[i]t is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages." *Goldstein, Garber & Salama, LLC v. J.B.*, 797 S.E.2d 87, 89 (Ga. 2017). Georgia's courts recognize that there is a distinction "between negligence cases where a condition on the premises causes injury to someone and those where an employee's active negligence causes injury to someone." *Newcomb v. Spring Creek Cooler Inc.*, 926 F.3d 709, 713 (11th Cir. 2019) (citation and internal quotation marks omitted).

Premises liability cases are premised on the duty of owners and occupiers of land to keep the premises safe for visitors. *See* Ga. Code Ann. § 51-3-1. "The Georgia Supreme Court has explained that the fundamental basis for an owner or occupier's liability is that party's superior knowledge of the hazard encountered by the plaintiff." *Newcomb*, 926 F.3d at 713 (citation and internal quotation marks omitted). Thus, to state a claim of negligence based on

4

premises liability, Plaintiff must state sufficient facts alleging that: (1) Pilot was the owner/occupier of the Premises; (2) Plaintiff was an invitee or otherwise lawfully on the Premises at the time of his injury; (3) the existence of a defective or hazardous condition on the Premises; (4) Pilot had actual or constructive knowledge of such defective or hazardous condition; and (5) Plaintiff lacked knowledge of the defective or hazardous condition despite the exercise of ordinary care. *See* Ga. Code Ann. § 51-3-1; *see also Crebs v. Bass Pro Outdoor World*, 860 S.E.2d 802, 804 (Ga. App. Ct. 2021); *Wall v. Rest. Mgmt. Grp., Inc.*, No. 1:19-CV-1221, 2019 WL 13214179, at *2 (N.D. Ga. July 9, 2019).

Plaintiff's Complaint states the elements of a claim for negligence based upon premises liability because he alleges that Pilot is an owner/occupier of the Premises visited by Plaintiff, who was an invitee and for whom Pilot owed a duty to exercise ordinary care in keeping the Premises safe; that there was a hazardous condition on the Premises; that Pilot had at least constructive knowledge of the hazardous condition which was not observed by Plaintiff despite the exercise of ordinary care; and that there was a causal connection between the hazardous condition and the resultant injury and damages to Plaintiff. The Court finds that Plaintiff's Complaint states sufficient facts to state a claim of negligence based upon a premises liability theory that is plausible on its face.

Plaintiff's alternative claim of negligence against Pilot is based on the doctrine of *respondeat superior*. The doctrine, codified at § 51-2-2, states that "[e]very person shall be liable for torts committed by his . . . servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." Ga. Code Ann. § 51-2-2. "In order for an employer to be held liable under the theory of *respondeat superior*, two elements must be present: 'first, the servant must be in furtherance of the master's business; and, second, he must be acting within the scope of his master's business.'" *Doe v. Fulton-DeKalb Hosp. Auth.*, 628 F.3d 1325, 1333 (11th Cir. 2010) (applying Georgia law) (quoting *Piedmont Hosp., Inc. v. Palladino*, 580 S.E.2d 215, 217 (Ga. 2003)).

Plaintiff's Complaint states the elements of a claim for negligence based on the doctrine of *respondeat superior* because Plaintiff alleges that Defendants John Does 1–2 are believed to be Pilot's employees; in the scope of such employment with Pilot, John Does 1–2 were responsible for inspecting cleaning, and maintaining the Premises; and that Pilot was negligent

5

in failing to adopt appropriate policies and procedures for its employees to inspect, clean, and maintain its Premises, and Pilot was further negligent in failing to train its employees. As noted above, Plaintiff states that discovery is needed to identify Defendants John Does 1–2. The Court finds that Plaintiff's Complaint includes sufficient facts to state a claim of negligence against Pilot based upon the doctrine of *respondeat superior* that is plausible on its face.

### V.  CONCLUSION

Accordingly, Defendant Pilot Travel Centers LLC's Partial Motion to Dismiss (Doc. 4) is **DENIED**.

Further, stay of discovery in this matter is lifted. A separate order will be entered rescheduling the in-person scheduling/discovery conference and resetting the deadline for the Parties to submit their proposed scheduling order in relation to that conference.

**SO ORDERED**, this 7th day of February 2025.

                                      **/s/ W. Louis Sands**
                                      **W. LOUIS SANDS, SR. JUDGE**
                                      **UNITED STATES DISTRICT COURT**