IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| GARY BAILEY,<br><br>Plaintiff,<br><br>vs.<br><br>PILOT TRAVEL CENTERS LLC,<br>JOHN DOES 1-2, and<br>ABC CORPORATIONS A-C,<br><br>Defendants. | CIVIL ACTION<br>FILE NO. 7:24-CV-0066-WLS |

# CONSENT PROTECTIVE ORDER

The Court, having considered the Parties' Joint Motion for Entry of Consent Protective Order and recognizing the need to protect confidential information, hereby ORDERS as follows:

**1. Scope and Applicability**

This Consent Protective Order governs the use, handling, and disclosure of all documents, responses to interrogatories, depositions, and other discovery or evidence in this litigation. The intent is to safeguard confidential business, personal, and proprietary information.

**2. Definitions**

a. "Confidential Information" means:

- Personal identifying information, such as social security numbers.

- Personal health information, including mental and physical health records.
- Proprietary, financial, commercially sensitive, or non-public business information.
- Information in which a third party has a reasonable expectation of privacy.
- Trade secrets as defined under Georgia law.

b. "Outside Counsel" means all attorneys of record and their employees.

**3. Designation of Confidential Material**

Any party producing, providing, releasing, or filing documents, responses to interrogatories, or other materials in this litigation that contain Confidential Information may designate such documents, responses to interrogatories or other materials and the contents therein "Confidential" subject to this Consent Protective Order, by typing or stamping on the front of the document, or on the portion(s) of the document for which such treatment is desired, "Confidential" where appropriate. If Confidential Information is provided in response to written discovery, such information shall be disclosed in an attachment marked Confidential to avoid designating the entire response as such. With respect to deposition testimony, a Party may designate portions of deposition testimony as Confidential during a deposition by announcing the same at the time and asking the court reporter to mark such testimony at the time of deposition or within thirty days of receipt of the transcript. Unless otherwise agreed by the Parties on the record, all deposition transcripts and exhibits shall be treated as Confidential in their entirety from the time of the

deposition until the expiration of the thirty-day designation period, after which only those portions designated as Confidential shall remain subject to this Consent Protective Order.

**4. Limitations on Disclosure**

Upon receiving any documents, responses to interrogatories or other materials designated "Confidential" pursuant to this Consent Protective Order, the Parties hereby agree to disclose such material only to:

a. The Court, court personnel, videographers, and stenographers.

b. Outside Counsel and any person working with Outside Counsel as an attorney, secretary, or paralegal in the prosecution or defense of the Litigation.

c. Any expert or any person who will or may provide expert testimony and/or who may submit an expert affidavit or declaration at any stage of these proceedings, including discovery, trial, and any appeal, provided that such expert agrees to be bound by the terms of this Consent Protective Order by executing a Statement of Confidentiality identical to **Exhibit 1**, attached hereto.

d. Any witness or prospective witness during discovery or in preparation for trial, or at trial, as needed to prepare such witness or prospective witness for such trial or pre-trial testimony, provided they acknowledge that they are fully

subject to and bound by the terms of this Consent Protective Order by executing a Statement of Confidentiality identical to **Exhibit 1**.

e. The parties and their representatives as necessary for litigation.

f. Third parties ordered by the Court or agreed upon by the Parties.

**5. Challenges to Confidentiality Designations**

a. Either Party may challenge the designation of any documents, responses to interrogatories, portions of deposition testimony, or other material as Confidential under this Consent Protective Order no later than the close of the applicable discovery period or within twenty-one (21) days of receipt of the document, whichever last occurs. Any such designation challenge will be resolved in the sole discretion of the Court. The designation of information as Confidential shall remain binding until properly and successfully challenged as provided herein; but the designation shall not be ultimately conclusive or presumptive. The burden of showing the propriety of the Confidential designation shall rest with the Party making the designation.

b. A Party making a challenge pursuant to Section 5(a) will first confer in good faith with the other Party to resolve the dispute regarding the confidentiality designation. Only after the Parties have conferred in good faith without resolution of the dispute shall the challenging Party be permitted to bring the dispute to the Court.

**6. Use of Confidential Information**

Except as provided herein, no material designated "Confidential" pursuant to this Consent Protective Order shall be used directly or indirectly by any person for any reason or purpose whatsoever other than for the prosecution of the Parties' claims and defenses in this litigation.

**7. Filing Protected Materials in Court**

a. If a party intends to file any material designated "Confidential" in accordance with the terms of this Consent Protective Order into the record in this litigation, the party must first seek leave to file the document under seal utilizing the procedures set forth by the applicable rules of civil procedure or local rules.

b. To the extent that any party wishes to use material designated "Confidential" in accordance with the terms of this Consent Protective Order during a hearing in this action, such party agrees to notify the producing Party and the Court at least fourteen (14) days in advance of the hearing so that the producing Party may move to seal such document with the Court.

**8. Inadvertent Disclosure**

If a Party through inadvertence produces any Confidential Information or documents without labeling or marking or otherwise designating such in accordance with the provisions of this Consent Protective Order, the producing Party may give written notice to the receiving Party that the document or information produced is deemed Confidential and should be treated as such in accordance with the provisions

of this Consent Protective Order. The receiving Party must treat such documents and things with the designated level of protection from the date it receives such notice. Promptly upon providing such notice to the receiving Party, the producing Party shall provide the receiving Party with another copy of the documents or things that bear the designation under this Consent Protective Order, at which time the receiving Party shall return the originally produced documents and things to the producing Party. If it is impracticable or impossible to return the inadvertently produced documents and things, the receiving Party will specifically and in writing warrant that the inadvertently produced documents and things have been destroyed and/or deleted, as the situation may call for.

**9. Return or Destruction of Materials**

Within thirty (30) days after the final termination of the litigation, counsel for the Parties shall either:

a. make materials designated "Confidential" available for return to counsel for the opposing Party; or

b. destroy materials designated "Confidential" in such a manner to preserve the confidentiality of such materials and provide written confirmation to opposing counsel that such materials have been destroyed.

**10. Survival**

This Consent Protective Order shall survive the termination of the litigation and remain binding on all parties and recipients of Confidential Information.

SO ORDERED this 6th day of November, 2026.

W. Louis Sands

**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

# EXHIBIT 1

## STATEMENT OF CONFIDENTIALITY

I, ____________________________________________, declare that:

1. I have received a copy of the Consent Protective Order in Gary Bailey v. Pilot Travel Centers LLC, John Does 1-2, and ABC Corporations A-C, **Civil Action No. 7:24-CV-00066-WLS**.

2. I understand and agree to comply with its terms.

3. I will not disclose or use Confidential Information except as permitted.

4. I consent to the jurisdiction of the United States District Court for the Middle District of Georgia for the purpose of enforcing the terms of the Consent Protective Order, and I understand that any violation of its terms may subject me to sanctions, including contempt of Court.

Signature: ________________________________

Date: ________________________